One of your Honours, Kurt Hermanson for Mr. Woodall. I would request two minutes for rebuttal. You'll have to keep track of your own time. Counsel, Judge Gould, I would just like to make certain that at some point in your argument you addressed jurisdiction. And the date, June 2008, when the habeas petition was filed as to whether at that time Woodall was subject to any non-custodial terms or conditions of probation that related to the 2001 driving case, not to the later cases. Yes, Your Honour, I can start with that. He was on parole for that case when he filed his habeas petition in 2008. And the court, of course this jurisdictional argument was raised for the first time on appeal. That's sort of irrelevant if it was raised on appeal, because we have an independent duty, so I think you need to get to the merits of it. Correct. The only factual support is Exhibit A to the Attorney General's brief, which just is an allegation from Mr. Woodall, proceeding pro se, that he had 889 days of custody credit and therefore wasn't on probation. The judge refused to consider that, and even if that were construed as an admission and were true, he was on parole and the court can easily presume under California law that he was on parole. California Penal Code Section 3000A, 1, and B says that requires 3 years of parole after release from prison. I'm sorry, he was on parole for what violation? He was on parole simultaneously for 3 cases. So if the court is going to consider Exhibit A and needs me to subpoena documents from the Bureau of Prisons, I can do that and submit it to the court. If the court wants to expand the record, but I don't think the court needs to do that, because under California Penal Code Section 3000A, 1, B, parole is mandatory following the release from prison. And because the parole authority did not waive parole for Mr. Woodall in that SCD 176528 case, he remained on parole in that case and 2 other cases at the same time. Okay, well thank you. Sure. Thanks very much. You're welcome. Let me turn to another aspect. Isn't the issue moot as far as what injury did he suffer after the 2006 revocation and the grant of probation? What's his injury at that point? The injury in this case is an injury of principle in that he was denied the due process right to a probable cause finding and a final revocation. Okay, what's the remedy then if there's no injury? The remedy is to remand it back to the – well, one remedy would be to declare the Penal Code Section 1203.2 unconstitutional because it doesn't provide the two hearings that are required. And it's not moot. Every case would be moot because by the time a case gets to the Ninth Circuit, you have to exhaust your judicial remedies in state court, California Superior Court, Court of Appeals, Supreme Court, and then go to the district court and then come here. It would always be moot in every case. So that's why this is kind of an issue of first impression is that most appellants would not care to put in the substantial effort that this pro se litigant decided to put in. Why do we ignore the 889 days credit? We can't ignore those, but he was on parole at the time he filed his petition for that case. And this is a person who violates the law all the time, so the record is confusing because he has so many cases, parole violations, probation violations, and new cases. The instance that he's complaining about occurred when? What is the? Back in 2001. 2001? Yeah. Well, that was his original conviction? Yeah. The instance he's talking about is case number SCD176528 is where the judge was supposed to. I mean, the procedure. It was in 2003, wasn't it? It could be, Your Honor. I thought he had a driving conviction in 2001 and then in 2003 a drug conviction, but maybe I've got. No, you're right, Your Honor. I missed it up. In 2003 is when he appeared on the new case, and the judge summarily revoked his probation. And that's really the problem in California is that they summarily, you pick up a new case, they summarily revoke probation, and then they continue it until the time of sentencing. So then in 2003 he pledged to the new case, and they just extended his probation on the earlier case. Counsel, so I have a question for you. I guess I'm bothered by the same question asked by Judge McGuskey. That is, if, in fact, he's on probation for other cases, for other crimes, then what's his harm if he was wrongfully but simultaneously on probation for the 2001 offense? There are a number of different harms, and there's an analogous case of United States v. Javier in which this court found that someone who was on supervised release and who ended up getting more time on his supervised release did show prejudice even though he could have been violated for a marijuana use, but the judge ended up violating him for an assault. There's no extra time here. Here the extra time is that... Why isn't the error harmless? The error isn't harmless because, well, first, it can't be harmless because we're talking about a due process violation and whether or not due process was violated, and that's a structural error. But if the court were to consider harmless in the mootness sense, there are a number of harms, especially with someone like Mr. Woodall who violates the law all the time. He can get more time on his probation violation. He can be sent to prison for his probation violation. He also has federal cases, and under U.S. Sentencing Guideline 481.1, if he's violated, then the time for increasing his criminal history category increases. Well, what do you want us to do? Do you really want us to find a statute unconstitutional? Well, that's what Mr. Woodall would like, which is similar to the Valdivia case I cite, is really talking about we have clearly established United States Supreme Court authority that California is not following. They summarily revoke people on probation without having the proper hearing, and then they don't have a hearing at the end, so it's... Counsel, I thought there was authority that if at the time they summarily revoked the initial probation, that he was in custody for another crime, which is what happened here, that there's no problem with a summary revocation, that he does not need a preliminary hearing if he's already in custody on a different ground. Is that incorrect? If there's been a probable cause finding for the new crime, like if he's picked up on a warrant, that's true, or if he's in custody for... The case authority cited by the Attorney General is a case where he had already pled guilty or been found guilty. So if someone's already been pled guilty or been found guilty, then there isn't prejudice for the first part, for the probable cause hearing. Right. But there has... But that's only as for that part. Pled guilty. Let's say they have not pled guilty, but they're in custody. They've been arrested, and they're being held in custody. So what's the difference as to why they would need a preliminary hearing on the earlier offense? The difference is that the United States Supreme Court requires a probable cause finding in a timely manner on that violation. And it can affect whether or not someone gets out of custody. In this case, his probation summary revocation was a no-bail revocation. So they stack them, and it adds up, and it can affect whether or not the person gets out of custody at all. So that's why the Supreme Court has said that you need a speedy probable cause hearing on the probation violation charges. Okay.  Thank you. Thank you. Okay. Well, you've used your time. Yes, Your Honor. Thank you. We'll give you a... If there are any questions, we'll give you some time to rebut. May it please the Court, Deputy Attorney General Matthew Mulford, on behalf of the warden, whose name is George Niotti, Mr. Woodall, I am informed by the prison, is in prison today, will be released on parole next Tuesday for his eighth time. I'd like to go over the facts briefly because there was some confusion about what cases happen when. Just a simple case made complicated by facts. I think it very well may be, Your Honor. There is a 2003 state court conviction for reckless driving. That's the one we're talking about is 2003. The next thing that happens in state court is in 2006. He is arrested. So he is still on probation for 2003 crime. He is arrested for the 2006 crime. In August of 2006, he pleads guilty to the new crime. Which was? Which was he was selling cocaine to a police officer. In September of 2006, he is... He waived, when he had pled guilty to selling cocaine, he waived his right to a probation hearing, I thought. There's some confusion in the record, but yes, that's how the state would interpret it, yes. So when he is picked up on this new charge in 2006, he is given notice that his probation will be revoked as part of the charges for the new crime. That's how California kind of does a unitary procedure. There has been, certainly if there's been a warrant, there has been a finding, the probable cause at that point. He will get a hearing on the new charges, a preliminary hearing, within two months.  So according to the exchange we just had with your adversary, if there's a hearing on that, there wouldn't have to be an additional hearing on the revocation? Correct. They could both be done at the same time. As long as everybody knew that the standards are not identical, but they're very similar. And so that's typically how it happens in California. All right, so that hearing did not happen because he pled guilty to the new charges in 2006. Thereafter, he is released to a halfway house in October of 2006 and is picked up on yet another charge in November of 2006. So that November 2006 charge eventually results in a 2007 conviction in which he goes to prison for four years. When he goes to prison for four years on that 2007 conviction, the day he is sentenced, he is given 889 days credit on a two-year 2003 conviction. And so for our purposes, everything is done on that 2003 conviction in October of 2007, which is before he files his petition in the federal court. And what do you understand his habeas petition is challenging? We understand that his habeas petition is challenging is the procedure that occurred in the summer of 2006 regarding the revocation of the first 2003 reckless driving conviction. But he pled not guilty to selling cocaine? He initially pled not guilty to selling cocaine in July and then pled guilty in August and then was sentenced in September. But in July of 2006, he had his probation revoked without a hearing at the time that he pled not guilty to the first charge of selling cocaine. That's fuzzy. The state's interpretation is that he was in court pleading guilty to the new charge, which had been given notice that that new charge and that new arraignment would constitute the initial determination regarding the revocation of probation, and that actually occurred in July. That happened when he had pled guilty. Right. That's our position. How do you understand he's complaining about that? He thinks he wasn't overwhelmed formally, that they didn't actually come out. I don't understand his complaint. Is there a constitutional requirement to have that formal hearing, or does it become harmless there? The leading case is Gagnon. It says due process can be satisfied and flexible and depends on the circumstances. Under these circumstances, that constitutional requirement was met, and it immediately became moot and harmless by the later guilty plea. It is definitely harmless a year later when he has the second conviction and goes to prison for four years. Is he suffering any lasting... Okay, I'm not going to ask that question. So I take it that... Are you conceding that it was harmless error? We're not conceding error. Error. We don't think there was any error. You're saying moot? No, you're saying that he was supplied all the process that he was due when he was told that if he committed another crime, your probation is going to get revoked, and then he had a hearing for probable cause that he committed another crime. Right. Yeah. We don't want to concede anything. We're arguing everything happened, but the bottom line is today he is in prison due to the 2007 four-year conviction. The paperwork that the prison has mentions this 2003 crime, but he had already fully served the term on that crime the day he walked into prison. Counsel, Judge Gould, if I could ask you a question, please. And I apologize. Earlier I said 2001 when I meant 2003. But my question is, does he have any detriment in terms of when he can get out of prison or what he would be sentenced to if he has another crime as a result of the probation continuing as to the 2003 offense? I don't believe so, Your Honor. He is currently in prison and was sent to prison based on three separate convictions. The controlling case, as the California regulations describe it and it's cited in my brief, the controlling case is the one that the prison cares about. It is the 2007 conviction. The other two, for our purposes, we don't believe they matter at all. Okay. Thank you. Thank you. Do you want to add anything? One comment is that as counsel conceded today, the Bureau of Prisons does have that conviction as part of his parole packet. So it is something that they would consider. His conviction? His conviction and he's- Which one? He's on parole for three cases. I mean, he's in prison and then he will be paroled on three different cases, and one of them is the case that he's challenging here. It's not the controlling case because he has a newer case, but they are aware of it. It is something that the parole board would consider. What do you want? You want that conviction erased? You can't do that. No, the conviction wouldn't be erased, but the remedy that I was arguing for is that the trial judge could have terminated probation instead of extending probation. So that's really the harm and the prejudice. In 2006? In 2006, when he was revoked and violated, and then he was just extended without any argument, without a hearing, without the attorney having an opportunity to- What would be the difference? What's the difference in his life if that had happened? If it had been terminated, it would not be in the California Department of Corrections and Rehabilitation Parole Board's consideration. He would be on parole. The parole packet would have two cases, the controlling case and the second case, and this would not be in it because he wouldn't be paroled on that case. It would have been terminated. His probation would have been terminated instead of extended. Does the parole board, is that a factor? They consider how many paroles he's got as opposed to how many convictions? If someone's on parole for one case, depending on the case, it's more likely that they're going to get out. If they're on parole for three cases, it shows more that they need more parole. But he was convicted, he was arrested for a crime while he was on probation for the first conviction. Right, and if probation had been terminated, then he wouldn't have been violated on that and he wouldn't have been sent to prison on that case. It's confusing because there is... And the reason that it should have been terminated rather than continued because he violated it was because... His attorney could have said, Your Honor, why don't we just terminate that case? He's already, this is a waste of resources and let's just terminate that case. He's being punished enough on this case. Those are arguments the attorney never got to make. Okay, because there was no hearing? Correct. But he couldn't have raised that on the change of plea when he was sentenced on the 2006 conviction? He could have. I normally write that and the district attorneys are like, Why are you writing that? And I say, I want it to be clear that we should terminate probation or that... But that didn't happen? That didn't happen. Okay. Okay, thank you. Thank you. The case just argued is submitted for decision.
judges: McCuskey, Schroeder, Gould